### Blake's Estate

*Joseph H. Cochran,* for accountant.

*John A. Skelton, Jr.,* and *Paul J. Donnelly,* for Insurance Commissioner.

*Samuel H. High, Jr.,* for Doris W. Ellis, legatee.

*Frank X. Renninger,* for S. Emily Moore, legatee.

HOLLAND, P. J., January 8, 1940.—In his will testator bequeathed certain personal property and pecuniary legacies as shown on the first page of the petition for adjudication, and "all stocks" to his nephews and nieces, 15 in number, in equal shares as shown on the first page of the petition for adjudication. His will contained no residuary clause. . . .

The account was filed July 21, 1939, showing a balance for distribution of principal of $6,074.55, composed of personal property, full-paid stock certificates of Jenkintown Building Association, shares of said building association, a promissory note of uncertain value, and cash, and a balance of income in the sum of $16.43 composed of cash. . . .

The Insurance Commissioner of Pennsylvania, statutory liquidator of the Keystone Indemnity Exchange, which has been dissolved, presented claim in the sum of $251.04, which was not admitted. Proof was adduced at the audit, October 17, 1939. It was admitted that by order of the Court of Common Pleas of Dauphin County, dated September 12, 1938, based upon an opinion of the same date, all members of the said now dissolved Keystone Indemnity Exchange were assessed. This order was affirmed by the Supreme Court on June 19, 1939: Commonwealth ex rel. v. Keystone Indemnity Exchange, 335 Pa. 333.

It is admitted that decedent was a member of the exchange and paid three premiums prior to his death aggregating the claim of $251.04. The exchange had been dissolved more than five years previous to his death, the date of dissolution being May 18, 1933.

It is admitted as a legal conclusion that the assessment ordered by the court of proper jurisdiction fixed the liability of all persons who had at any time prior thereto been members of the exchange. The only argument advanced in defense is that the obligations of the members did not expressly extend to their executors or administrators. We can see no validity in this argument. By decree

of the Dauphin County court, which was sustained by the Supreme Court, the liability of the members was definitely fixed. There can be no question but that, had the liquidator sued decedent in his lifetime for the collection of this claim, he would have had no defense. He died, therefore, liable to this statutory obligation, which had been determined and fixed. We are, therefore, of the opinion that, like any other obligation incurred by decedent in his lifetime, his estate remains liable therefor after his death. The claim is allowed and there is awarded to the Insurance Commissioner of Pennsylvania, statutory liquidator of the Keystone Indemnity Exchange, the sum of $251.04.

The question is submitted to the court as to whether testator when he, in the sixth item of his will, directed that "All stock I Hold to be divided betwen My Neicises & Nephews" intended to include in this item building and loan association stock, both paid-up certificates and current shares. After consideration of the testimony taken at the continued audit of the account and upon consideration of the intrinsic nature of all building and loan association stocks, we are clearly of the opinion that it was not the intention of testator to include building and loan association stocks in the purview of this item sixth of the will. On the contrary, we are convinced that testator regarded the building and loan stocks as cash out of which he expected the pecuniary legacies to be paid. All the nephews and nieces constituting the beneficiaries of the said sixth item of the will are in accord with this interpretation and have expressed their agreement therewith by letters, the originals of which are in evidence, with the exception of two, who do not oppose this interpretation. Considering the will from its four corners, and having regard for the circumstances surrounding testator when he made his will, we are of the opinion that he regarded his said building and loan association stock as cash, and we so hold. . . .